IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

WALTER F. WAGNER,
Plaintiff

v.

CHASE BANK USA, N.A.,
Defendant

_____

**COMPLAINT**
_____

COMES NOW Plaintiff, Walter Wagner, and for his causes of action against the Defendant states:

**PARTIES**

1. Plaintiff Walter F. Wagner is a natural person who resides in Lakewood, Colorado.

2. Defendant, Chase Bank USA, N. A. "(Chase") is a corporation formed in Delaware with its principal office at 270 Park Avenue, 38th Floor, New York, New York 10017 and which conducts substantial consumer credit business in Colorado under the Chase brand.

3. Defendant acted through its agents, employees, officers, members, directors and/or assigns.

**JURISDICTION**

4. Jurisdiction arises pursuant to 47 U.S.C. § 227, et seq. and 28 U.S.C. § 1331.

5. Venue is appropriate in Colorado because the Plaintiff resides in this state and the Defendant has a registered agent in Denver, Colorado.

## PRELIMINARY STATEMENT

6. This is an action for actual, statutory, and treble damages, costs and attorneys fees brought pursuant to the Telephone Consumer Protection Act (TCPA).

7. Plaintiff incurred a debt with Chase Bank, USA, NA.

8. Plaintiff was unable to make payments on the assigned or transferred account.

9. Plaintiff is a "person" as defined by 47 U.S.C.§ (153)(10).

10. Beginning in 2010, Defendant called Plaintiff on his cellular phone on multiple times via an "automatic telephone dialing system" as defined by 47 U.S.C. §227(a)(1).

11. During these telephone calls Defendant used an "artificial or prerecorded voice" as prohibited by 47 U.S.C.§227(b)(1)(A).

12. The telephone number Defendant called was assigned to a cellular telephone service for which Plaintiff Walter Wagner incurs a charge for incoming calls pursuant to 47 U.S.C. §227(b)(1).

13. These telephone calls constituted telephone calls that were not for emergency purposes as defined by 47 U.S.C.§227(b)(1)(A)(i).

14. These telephone calls by Defendant violated 47 U.S.C. §227(b)(1).

15. Plaintiff Walter Wagner was harmed by the acts of the Defendant in at least the following ways:

16. Defendant illegally contacted Plaintiff Walter Wagner via his cellular telephone thereby causing plaintiff Walter Wagner to incur certain cellular telephone charges or reduce cellular telephone time for which plaintiff Walter Wagner previously paid, by having to retrieve or administer messages left by Defendant during those illegal calls and invading the privacy of said plaintiff Walter Wagner causing damage thereby.

17. Calling plaintiff Walter Wagner continuously and on multiple occasions with the intent to annoy abuse, embarrass and/or harass him thereby causing him stress and anxiety.

18. At no time was the plaintiff's cellular phone number listed on plaintiff's application with Chase Bank USA, NA.

## FIRST CLAIM FOR RELIEF AND SUPPORTING FACTUAL ALLEGATIONS
## COUNT I
## NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

19. Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

20. The foregoing acts and omissions of defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227, et seq.

21. As a result of Defendant's negligent violations of 47 U.S.C. §227, et seq., an award of $500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227, b)(e)(B).

22. As a result of Defendant's 143 violations of the TCPA, Defendant is liable to Plaintiff for $500 per call in statutory damages or no less than $71,500.

23. Plaintiff Walter Wagner is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

## SECOND CLAIM FOR RELIEF AND SUPPORTING FACTUAL ALLEGATIONS
## COUNT II
## KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

24. Plaintiff Walter Wagner incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

25. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. §227, et seq.

26. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. §227, et seq, Plaintiff Walter Wagner is entitled to an award of $1500 in statutory damages for each and every violation pursuant to 47 U.S.C. §227, (b)(3)(B) and 47 U.S.C. §227, (b)(3)(C).

27. As a result of Defendant's willful and knowing violations of the TCPA, Defendant is liable to Plaintiff for treble damages of $1500 per call or no less than $214,500.

28. Plaintiff Walter Wagner is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

Wherefore, Plaintiff requests the following relief:

a. A finding that Defendant violated the Telephone Consumer Protection Act and/or an admission from Defendant that it violated the Telephone Consumer Protection Act.

b. Awarding maximum statutory damages under the Telephone Consumer Protection Act, pursuant to 47 U.S.C. §227, et seq.

c. Awarding reasonable attorney fees and litigation costs pursuant to 15 U.S.C. 1692k;

d. Such other and further relief as this Court deems just and proper.

PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE

Respectfully submitted this 21st day of October 2012

s/ T. A. Taylor-Hunt
T. A. Taylor-Hunt
Law Office of T. A. Taylor-Hunt, LLC
3773 Cherry Creek North Drive, Suite 575
Denver, CO 80209
Phone: 303-331-3400
FAX: 303-752-1720
tath@legalwellness.com
Attorney for Plaintiff Walter F. Wagner